D. W. DYEN ET AL v. J. H. BROWNFIELD ET AL.

Sale—Bond for Purchase Money—Parties to Suit—Pleadings.
      In a suit to enforce a sale bond of personalty, it is necessary to bring
   all originally interested parties before the Court, that their interest,
   . as appearing, either by enforcement or cancellation of the bond, may
   be protected.
Estoppel—Parties to Attachment Suit—Sales Under.
      Parties to an attachment suit, where personal property is sold there
   under, are estopped from sitting up an adverse title inconsistent with
   said adjustication which is binding upon them until reversed.

APPEAL FROM LARUE CIRCUIT COURT.

May 30, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

There can be but little doubt but that the purchasers knew the
exact situation of the title to the slaves, the. family relationship,
and the fact that one of them, who also acted as agent for others,
was the clerk of the court in which the proceedings were had, and
must be presumed to be familiar with the papers of the cause, and
he being a brother-in-law and boarding at the same house with
J. A. Middleton, who lived with his mother, and who was the
only joint interested party with N. H. Middleton as heir of their
deceased father, strongly fortifies this presumption, and precludes
any supposition that an actual fraud was perpetrated in the sale
by the commissioner, and the fact that the purchasers repared
from the year 1863, when the purchase was made, until the year
1865, when it was quite evident that slaves would be freed by
constitutional amendment, still the more impresses the mind that
this is an attempt to escape from an unfortunate purchase.    The
petition of the appellees seeks to set aside their purchase and for
a perpetual injunction against the collecting their sale bonds exe-
     It is sufficient to say his brother and mother were parties defend-
cuted for the purchase price, upon two grounds mainly, that is,
that N. H. Middleton was not either actually or constructively,
before the court, and that he had no interest in the slaves because
of an agreement between him and his brother and mother.
     It is sufficient to say his brother and mother were parties defend-

ant to the attachment suits and are bound by the adjudications therein, which is binding upon them until reversed, and they are thereby estopped from setting up any adverse title inconsistent with said injunction. On the other defense it will suffice to say that N. H. Middleton had an interest in protecting the sale which cancelled his indebtedness to his creditors to the extent of the sale and purchase, and therefore he was an essential party to the appellee's injunction suit, and before any cancelment of the purchasers' bonds should be granted in any view of the case he should be made a party and brought before the court, there is no reason assigned for not making him a party.

When he shall have been made a party and seek to confirm or reject said sale by the commissioner, it will be sufficient time to determine whether the proceedings to subject his interest in the slaves were a nullity or only erroneous as to him.

The dissolution of the temporary injunction pending the litigation could not affect the ultimate right of appellees to a perpetual injunction on the final trial for they could have sued, prayed for, and obtained this without asking for or obtaining the temporary injunction to operate during the litigation. For the error suggested the judgment is reversed, with directions to the parties to amend their pleadings so as to make W. H. Middleton or his representative a party defendant upon pain of dismissal of their petition, unless some legal reason for not doing so shall be assigned.

*Read & Murray, for appellant.*

*Wintersmith, Cofer, for appellee.*